JAMES A. ITALIA, CA Bar No. 212815
italia@italiaip.com
ITALIA IP, INC.
3500 West Olive Avenue, Suite 300
Burbank, California 91505
Telephone: (818) 973-2720
Facsimile: (818) 973-2702

DAVID A. DILLARD, CA Bar No. 97515
david.dillard@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
CONWIN CARBONIC COMPANY, INC.



FILED
CLERK, U.S. DISTRICT COURT
DEC - 8 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CONWIN CARBONIC COMPANY, INC., a company incorporated in the State of California,

    Plaintiff,

vs.

CRAMER DECKER INDUSTRIES, INC., a company incorporated in Maryland,

    Defendant.

Case No. SACV10-01870 CJC (RNBx)

**COMPLAINT FOR TRADEMARK INFRINGEMENT, TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Plaintiff, Conwin Carbonic Company, Inc. ("Conwin"), by and through its attorneys, Italia IP, Inc. and Christie, Parker & Hale, LLP, files its complaint against Cramer Decker Industries, Inc. ("Defendant"), for injunctive relief and damages as follows:

-1-

## Subject Matter Jurisdiction and Venue

1. This case is a civil action arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq.*, and 17 U.S.C. §§ 101, *et seq.*, respectively. This Court has subject matter jurisdiction over the claims in this Complaint which relate to trademark infringement and trade dress infringement pursuant to **15 U.S.C. § 1121, 17 U.S.C. § 501 and 28 U.S.C. §§ 1331 and 1338(a)**.

2. This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law of the State of California pursuant to 28 U.S.C. § 1367 (a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a). The infringing products which are the subject of this litigation are and have been distributed and offered for distribution in the Central District of California; the claims alleged in this action arose in the Central District of California; and, the Defendant transacts business in the Central District of California.

## Parties and Personal Jurisdiction

4. Plaintiff Conwin is a California corporation with its principal place of business at 4510 Sperry Street, Los Angeles, California 90039.

5. Defendant Cramer Decker Industries, Inc. is a Maryland corporation and upon information and belief, has its principal place of business at 1641 East St. Andrew Place, Santa Ana, California 92705.

## The Business of Plaintiff Conwin

6. Conwin is a family owned and operated business that has been serving the needs of the industrial gas industry for over 50 years. Conwin designs

its own balloon inflators and related equipment and has created many distinct lines of balloon inflators.

7. Among Conwin's balloon inflators and related equipment are the Precision Plus and the Conwin Classic line of inflators. A photograph of a Precision Plus inflator is attached to this Complaint as **Exhibit A**. A photograph of a Conwin Classic inflator is attached to this Complaint as **Exhibit B**. Each Precision Plus and Conwin Classic inflator is an original design comprising trademarkable subject matter under the laws of the United States.

8. Since their creation, the Precision Plus and Conwin Classic lines have been manufactured by Conwin.

9. Conwin has manufactured and sold the distinctive and unique Precision Plus and Conwin Classic lines for over 20 years.

10. Since the introduction of its distinctive Precision Plus line of inflators in 1990, Conwin has sold in excess of 40,000 units resulting in sales in excess of $2.5 million. Since the introduction of its distinctive Conwin Classic line of inflators in 1984, Conwin has sold in excess of 450,000 units resulting in sales in excess of $20 million.

11. Conwin introduced a particular blue color, referred to herein as "Conwin Blue," to its line of inflators and other related products in 1985, and since then, Conwin has sold in excess of 800,000 units of inflators utilizing the Conwin Blue color, resulting in sales in excess of $40 million. The Conwin Blue color is exclusively used throughout Conwin's balloon inflator product line, related products, and on its website. An example of Conwin's use of Conwin Blue on its website is attached to this Complaint as **Exhibit C**. See also **Exhibit A** and **Exhibit B** for examples of the Conwin Blue color as used on the Precision Plus and Conwin Classic line of inflators respectively.

12. The Conwin Blue color is defined as the color blue in the Pantone color range 286, 287, 293 and 294.

CHRISTIE, PARKER & HALE, LLP

13. Conwin has made and continues to make a substantial investment of time, effort, and expense in the manufacturing and marketing of products utilizing the design of the Precision Plus and Conwin Classic lines of inflators that incorporate Conwin Blue components. For example, Conwin's Precision Plus and Conwin Classic lines of balloon inflators and related equipment with Conwin Blue were featured in newspapers and magazines, attached to this Complaint as **Exhibit D**.

14. Conwin advertises its Precision Plus and Conwin Classic lines of inflators over the World Wide Web to the general public and distributors through its website, www.conwinonline.com. Furthermore, Conwin produces and distributes a multi-color product catalog. Examples of Conwin's advertising and marketing materials are attached as **Exhibit E**. The approximate annual budget that Conwin commits to the advertising and marketing of its balloon inflator lines is $250,000.

15. The Precision Plus and Conwin Classic inflator lines bearing the Conwin Blue color, along with other Conwin lines and products bearing the Conwin Blue color have been sold with the help of distributors throughout the United States and throughout the world with the help of more than 20 domestic distributors and more than 60 international distributors. These distributors' display and offer for sale the Precision Plus and Conwin Classic inflator lines bearing the Conwin Blue color along with other Conwin lines and products bearing the Conwin Blue color to members of the general public.

16. The configuration of Conwin's Precision Plus and Conwin Classic inflators, its individual components, or any other Conwin balloon inflator, is not and has not been the subject of any patent protection or application.

17. The configuration of Conwin's Precision Plus and Conwin Classic inflators is non-functional. Alternative inflator designs are available to the public. These alternative configurations are equally efficient. Alternative inflator

configurations are not more costly to produce than the configuration of Conwin's inflators. Alternative configurations sell for considerably less than Conwin's retail price for the Precision Plus and Conwin Classic inflator. Indeed, Defendant sells its infringing inflators at half the price Conwin charges for its comparable Conwin inflators.

18. The Conwin Blue color used on Conwin's inflator components is not and has not been the subject of any patent protection or application.

19. The color blue as it applies to balloon inflators is non-functional. Alternative inflators that incorporate different color components are available to the public. These alternative designs that incorporate different color components are equally efficient. These designs are not more costly to produce than the Conwin Blue color scheme. Indeed, Defendant sells its infringing inflators at half the price Conwin charges for its comparable Conwin inflators. Further, helium, when used for balloon inflation purposes does not have a designated color. As such, helium tanks are random colors based on the gas supplier's preference. In practice, however, helium tanks are covered with some form of material in an attempt to make them more visually appealing in the retail setting. And at least in the medical community, and according to the Federal Drug Administration, the color designated for helium is brown (nitrous oxide is designated blue).

20. The Precision Plus and Conwin Classic inflator lines bearing the Conwin Blue color, along with other Conwin lines and products bearing the Conwin Blue color have had outstanding commercial success. As a result, manufacturers, distributors and the public recognize Conwin inflator designs' and the Conwin Blue color as designating an exclusive source, thereby creating a goodwill which inures to Conwin's benefit.

**The Business of Defendant Cramer Decker Industries, Inc.**

21. Conwin is informed and believes that Defendant is a wholesale manufacturer and/or distributor of balloon inflators and related equipment to the

balloon industry and is in the business of manufacturing, marketing and selling balloon inflators and related equipment.

22. Defendant sells or has sold balloon inflators and related equipment under the trade name Cramer Decker Industries, Inc.

23. On or about August 1, 2010, Defendant advertised a balloon inflator line, named Imperium Helium Inflators ("Imperium line"), through the mailing of a product brochure and accompanying cover letter. A copy of Defendant's Imperium line advertising mailer and accompanying cover letter is attached to this Complaint as **Exhibit F**. Particular Imperium line models, as depicted, are substantially similar to and confusingly similar to Precision Plus and Conwin Classic, both in terms of the use of the Conwin Blue Color and the special orientation of the Precision Plus and Conwin Classic line of inflators. The entirety of the Imperium line, as depicted, bears a color that is substantially similar to and confusingly similar to Conwin Blue.

24. On or about September 21-23, 2010, Defendant's agent displayed and offered for sale inflators from its new line of Imperium inflators at the International Balloon Association Annual Conference in Florida, which is an event that includes a large concentrated population of balloon industry leaders, distributors, and manufactures.

25. In the third paragraph of the cover letter dated August 1, 2010, included as part of **Exhibit F**, Defendant points out the following four "new product features" of its new line of Imperium inflators, namely; "cosmetically appealing blue color coordination, new robust ribbon cutters with integral EZ tie hooks, new plastic foil balloon sleeves and entirely new balloon inflator configurations...."

26. Defendant was informed by Conwin on or about September 16, 2010 that the Imperium line of inflators infringed Conwin's common law trademark and trade dress rights because it had copied four features of Conwin's

inflators, namely: Conwin's cosmetically appealing Conwin Blue color coordination, its robust ribbon cutters with integral EZ tie hooks, its plastic foil balloon sleeves and its balloon inflator configurations. A photo comparison of Conwin's Precision Plus and Conwin Classic inflators and examples of Defendant's Imperium line of inflators (Models BR3180GSH and BR3855GSH) is attached as **Exhibit G**.

27. Defendant replied with a letter, which is attached to this Complaint as **Exhibit H**. In its response to Conwin's assertion of infringement of Conwin's common law trademark rights in the Conwin Blue color, Defendant claimed that "although [Defendant] re-introduced all of its accessory components in 'Cramer Blue' on August 1, 2010, it has consistently used 'Cramer Blue' on some or all of its accessory components for over twenty years." Defendant defines "Cramer Blue" as being "in the Pantone color range 286, 287, 293 and 294", which Defendant admits as "an overlapping Pantone color range" of Conwin Blue. In response to Conwin's assertion of infringement of Conwin's trade dress rights with respect to its Precision Plus and Conwin Classic configurations, Defendant claimed that "Cramer's 2010 line has been designed, engineered and produced using Cramer's previous Imperium products as models." A photo comparison of Defendant's immediately prior Imperium line model (Model BR3810GSH) compared to its current Imperium line model (also referred to as Model BR3810GSH) that infringes Conwin's Precision Plus inflator line is attached to this Complaint as **Exhibit I**. A photo comparison of Defendant's immediately prior Imperium line model (Model BR3855GSH) compared to its current Imperium line model (also referred to as Model BR3855GSH) that infringes Conwin's Conwin Classic inflator line is attached to this Complaint as **Exhibit J**. Conwin has not authorized Defendant to copy, reproduce, manufacture, duplicate, disseminate, or distribute Precision Plus, Conwin Classic and any balloon inflators and related equipment with a color that is substantially similar to

Conwin Blue.

28.  Conwin is informed and believes that Defendant has engaged in the marketing, manufacture, distribution, duplication and/or sale of infringing copies of Precision Plus and Conwin Classic.

29.  Conwin is informed and believes that Defendant has engaged in marketing, manufacture, distribution, duplication and/or sale of balloon inflators and related equipment with a color that is confusingly similar to Conwin Blue.

30.  Conwin is informed and believes that Defendant has sold unauthorized and infringing copies of Precision Plus and Conwin Classic wholesale and through retailers.

31.  Conwin is informed and believes that Defendant has sold unauthorized and infringing balloon inflators and related equipment, which bear color that is confusingly similar to Conwin Blue.

32.  Currently, Defendant is manufacturing, advertising and selling balloon inflators and that are both substantially similar to the overall configuration of the Conwin's Precision Plus and Conwin Classic line of inflators and confusingly similar with respect to the use of Conwin Blue components. For example, Defendant is selling the Imperium Model BR3810GSH and Imperium Model BR3808GSH, as depicted, which are substantially similar to and confusingly similar to Conwin's Precision Plus line. And Imperium Model BR3855, Imperium Model BR3855G and Imperium Model BR3855GSH, as depicted, are substantially similar to and confusingly similar to Conwin's Conwin Classic line. Further, aside from the similar overall configuration of the inflators, the entirety of the Imperium line, as depicted, uses individual plastic components that are shaped identically to the corresponding Conwin components and Defendant also uses a color blue that is substantially similar and confusingly similar to Conwin Blue. A photo comparison of Defendant's unauthorized and infringing copies of Conwin's Precision Plus and Conwin Classic inflators, sold

by Defendant was previously attached to this Complaint as **Exhibit G**.

### First Cause of Action

(Infringement of an Unregistered Trademark 15 U.S.C. § 1125 (a))

33. Conwin realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 33 of this Complaint as though fully set forth here.

34. The color "Conwin Blue" has acquired distinctiveness and secondary meaning in connection with balloon inflators and related equipment by virtue of its extensive and lengthy use by Conwin and is a protectable trademark of Conwin.

35. Defendant's use in commerce of Conwin's unregistered Conwin Blue trademark is likely to cause confusion, mistake or to deceive.

36. The above-described acts of Defendant constitute trademark infringement in violation of 15 U.S.C. § 1125(a), entitling Conwin to relief.

37. Defendant has unfairly profited from the trademark infringement alleged.

38. By reason of Defendant's acts of trademark infringement, Conwin has suffered damages to the goodwill associated with its Conwin Blue trademark.

39. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm.

40. Defendant's acts of trademark infringement have irreparably harmed and, if not enjoined, will continue to irreparably harm the general public who has an interest in being free from confusion, mistake, and deception.

41. By reason of Defendant's acts of trademark infringement, Conwin's remedy at law is not adequate to compensate it for the injuries inflicted by Defendant. Accordingly, Conwin is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

42. Defendant's acts of trademark infringement are willful and Conwin

is entitled to damages, and that those damages be trebled under 15 U.S.C. § 1117.

43. This is an exceptional case making Conwin eligible for an award of attorney's fees under 15 U.S.C. § 1117.

### Second Cause of Action

(Trade Dress Infringement and False Designation of Origin Under 15 U.S.C. § 1125(a))

44. Conwin realleges and incorporates by reference each of the allegations contained in Paragraphs 1 through 44 of this Complaint as though fully set forth.

45. Conwin's inflators, more specifically the Precision Plus and Conwin Classic lines, have unique and distinctive visual appearances that are recognizable to the purchasing public and identifies and distinguishes these products as products of Conwin. The visual distinctive visual appearance of the Precision Plus and Conwin Classic lines of balloon inflators constitutes legally protectable trade dress.

46. Defendant's use in commerce of the Precision Plus and Conwin Classic configurations in the Imperium line is likely to cause confusion, or to cause mistake, or to deceive the relevant public that Defendant's goods or service are authorized, sponsored or approved by or are affiliated with Conwin.

47. The above described acts of Defendant constitute trade dress infringement of Precision Plus and Conwin Classic and false designation of origin in violation of 15 U.S.C. § 1125(a), entitling Conwin to relief.

48. Conwin is being damaged and is likely to be damaged in the future by Defendant's infringement by reason of the likelihood that purchasers of Defendant's goods will be confused or mistaken as to source, sponsorship or affiliation of Defendant's balloon inflators and related equipment.

49. Defendant has unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until

CHRISTIE, PARKER & HALE, LLP