1 such conduct is enjoined.

2   50. By reason of the above-described acts of Defendant, Conwin has
3 suffered and will continue to suffer damage to the goodwill associated with
4 Precision Plus and Conwin Classic line of inflators.

5   51. The above-described acts of Defendant have irreparably harmed
6 and, if not enjoined, will continue to irreparably harm Conwin.

7   52. The above-described acts of Defendant have irreparably harmed
8 and, if not enjoined, will continue to irreparably harm the general public which
9 has an interest in being free from confusion, mistake, and deception.

10   53. By reason of the above-described acts of Defendant, Conwin's
11 remedy at law is not adequate to compensate it for the injuries inflicted.
12 Accordingly, Conwin is entitled to entry of injunctive relief pursuant to 15 U.S.C.
13 §1116.

14   54. The above-described acts of Defendant were willful and Conwin is
15 entitled to damages, and that those damages be trebled, under 15 U.S.C. § 1117.

16   55. This is an exceptional case making Conwin eligible for an award of
17 attorneys' fees under 15 U.S.C. § 1117.

18       **Third Cause of Action**

19     (Violation of California Unfair Competition Law)

20   56. Conwin realleges and incorporates by reference each of the
21 allegations contained in Paragraphs 1 through 56 of this Complaint as though
22 fully set forth.

23   57. Conwin is informed and believes that Defendant is in direct
24 competition with Conwin.

25   58. Defendant has infringed Conwin's protectable trademark and trade
26 dress and sold infringing products in violation of Conwin's proprietary rights.
27 Such acts constitute unfair trade practices and unfair competition under California
28 Business and Profession Code §§ 17200, *et seq.*, and under the common law of

-11-

1    the State of California.

2        59.    Pursuant to California Business and Professions Code § 17203,

3    Defendant is required to disgorge and restore to Conwin all profits and property

4    acquired by means of Defendant's unfair competition with Conwin.

5        60.    Due to the conduct of the Defendant, Conwin has suffered and will

6    continue to suffer irreparable harm.  It would be difficult to ascertain the amount

7    of money damages that would afford Conwin adequate relief at law for

8    Defendant's acts and continuing acts.  Conwin's remedy at law is not adequate to

9    compensate it for the injuries already inflicted and further threatened by

10   Defendant.    Accordingly, Conwin is entitled to preliminary and permanent

11   injunctive relief pursuant to California Business and Professions Code § 17203.

12   **Fourth Cause of Action**

13   (State Common Law Unfair Competition)

14       61.    Conwin hereby repeats and realleges paragraphs 1 through 61

15   hereinabove as though fully set forth herein.

16       62.    By its acts complained of herein, Defendant has engaged in unfair

17   competition under the common law of the State of California.

18       63.    Conwin is informed and believes, and thereon alleges that the acts

19   complained of herein were undertaken willfully and with the intention of causing

20   confusion, mistake and deception.

21       64.    Because of Defendant's acts complained of herein, Conwin has

22   suffered and will continue to suffer irreparable harm, and Defendant has unfairly

23   profited and will continue to be unjustly enriched to an extent not presently

24   ascertained, which irreparable harm and unjust enrichment will continue until

25   enjoyed by order of this Court.,

26       65.    Conwin is informed and believes and on that basis alleges that

27   Defendant's conduct has been intentional and willful and in conscious disregard

28   of Conwin's rights, and therefore, Conwin is entitled to exemplary or punitive

CHRISTIE, PARKER & HALE, LLP

damages under the common law of the State of California in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

**Prayer for Relief**

**Therefore,** Conwin respectfully requests judgment as follows:

1.  That the Court enter a judgment against Defendant that Defendant has:

    a) infringed the rights of Conwin in its Conwin Blue trademark in violation of 15 U.S.C. § 1125;

    b) infringed the rights of Conwin in its trademark in violation of 15 U.S.C. § 1114;

    c) competed unfairly with Conwin at common-law and in violation of California Business and Professions Code § 17200.

2.  That each of the above acts was willful.

3.  That the Court issue a Preliminary Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from:

    a) manufacturing, producing, selling, distributing, destroying, altering, or otherwise disposing of any balloon inflators and related equipment that is in the possession of Defendant that is confusingly similar to Conwin's proprietary Conwin Blue trademark or that is substantially similar to the Precision Plus and Conwin Classic inflator configurations.

    b) destroying any documents, electronic files, models, molds, business records, or any other tangibly object pertaining to the copying, reproduction, manufacture, duplication, distribution, or advertisement of any such balloon inflators or related equipment; and,

CHRISTIE, PARKER & HALE, LLP

c) engaging in any other activity constituting an infringement of Conwin's Conwin Blue trademark or Conwin's trade dress of its Precision Plus and Conwin Classic line of inflators.

4.  That Conwin be awarded damages for Defendant's trademark and trade dress infringement, and unfair competition.

5.  That Conwin be awarded Defendant's profits resulting from its infringement of Conwin's trademark and trade dress rights.

6.  That Defendant be ordered to account for and disgorge to Conwin all amounts by which Defendant has been unjustly enriched by reason of the unlawful acts complained of.

7.  The damages resulting from Defendant's willful infringement be trebled in accordance with the provisions of 15 U.S.C. § 1117.

8.  That Conwin be awarded all profits and property acquired by means of Defendant's unfair competition with Conwin.

9.  That Conwin be awarded exemplary or punitive damages in an amount appropriate to punish Defendant and to make an example of Defendant to the community.

10.  That the Court issue a Permanent Injunction enjoining and restraining Defendant and its respective agents, servants, employees, successors and assigns, and all other persons acting in concert with or in conspiracy with or affiliated with Defendant, from copying, reproducing, manufacturing, duplicating, disseminating, distributing, or using Conwin's Conwin Blue trademark or trade dress protecting the Precision Plus and Conwin Classic line of inflators.

11.  That the Court issue an Order at the conclusion of the present matter that the infringing Imperium balloon inflators and related equipment infringing Conwin's trade dress, and all Defendant's infringing copies of the Precision Plus and Conwin Classic lines, and all molds by which such infringing balloon

CHRISTIE, PARKER & HALE, LLP

inflators and related equipment was produced, be seized, impounded and destroyed.

12.  That the Court award Conwin its reasonable attorney's fees pursuant to 17 U.S.C. § 505, 15 U.S.C. § 1117, and any other applicable provision of law.

13.  That the Court award Conwin its costs of suit incurred herein.

14.  That Conwin be awarded such other relief as may be appropriate.

DATED:  December 7, 2010                 Respectfully submitted,

                                         CHRISTIE, PARKER & HALE, LLP


                                         By _____
                                             David A. Dillard

                                         Attorneys for Plaintiff,
                                         CONWIN CARBONIC COMPANY, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury to decide all issues so triable in this
case.

DATED:  December 7, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _David A. Dillard_____

David A. Dillard

Attorneys for Plaintiff,
CONWIN CARBONIC COMPANY, INC.

RG PAS933197.1-*-12/7/10 7:11 PM

CHRISTIE, PARKER & HALE, LLP

# EXHIBIT A



EXHIBIT A
PAGE 7

# EXHIBIT B



EXHIBIT B
PAGE 10